UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, RESTAURANT OPPORTUNITIES CENTER (ROC) UNITED, INC., JILL PHANEUF, AND ERIC GOODE, <br><br> *Plaintiffs*, <br><br> - v - <br><br> DONALD J. TRUMP, <br> IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES OF AMERICA, <br><br> Defendant. | 17 Civ. 458 (RA) |

**MOTION FOR LEAVE TO FILE BRIEF OF SCHOLAR SETH BARRETT TILLMAN AS *AMICUS CURIAE* IN SUPPORT OF THE DEFENDANT**

 

Robert W. Ray
Thompson & Knight LLP
900 Third Avenue
20th Floor
New York, NY 10022
Tel. No.: 212-751-3347
Robert.ray@tklaw.com

Josh Blackman
   Admission *pro hac vice* pending
1303 San Jacinto Street
Houston, TX 77002
Tel. No.: 202-294-9003
Josh@JoshBlackman.com
*Counsel of Record*

Scholar Seth Barrett Tillman, an American national, is a member of the regular full time faculty in the Maynooth University Department of Law, Ireland. Tillman hereby moves, through counsel, for leave to file the accompanying *amicus brief* (attached hereto as Exhibit A) in the above-captioned case in support of Defendants' Motion to Dismiss (ECF No. 35). Plaintiffs consented to the filing of this brief. Defendant took no position.

Fifteen years ago, then-Judge Alito identified three different types of amici:

> Some friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group.

*Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.) (citations omitted). Tillman can serve each of these roles.

First, Tillman is one of a very small handful of academics who has written extensively on the Constitution's Foreign Emoluments Clause, and more recently he has written on the Presidential Emoluments Clause.[1] Arguments in the Defendant's Motion to Dismiss are from, or derived from, Tillman's scholarship.

Second, apparently because of institutional constraints,[2] Defendant declined to argue that the Foreign Emoluments Clause does not encompass the presidency—a position, that if successful, would result in the dismissal of part of the complaint. Since 2008, Tillman has consistently written that the Foreign Emoluments Clause does not encompass the presidency.

---

[1] *See Business Transactions and President Trump's "Emoluments" Problem*, 40 Harv. J.L. & Pub. Pol'y 759 (2017); *Who Can Be President of the United States?: Candidate Hillary Clinton and the Problem of Statutory Qualifications*, 5 Brit. J. Am. Legal Studies 95 (2016); *Originalism & the Scope of the Constitution's Disqualification Clause*, 33 Quinnipiac L. Rev. 59 (2014); *The Original Public Meaning of the Foreign Emoluments Clause: A Reply to Professor Zephyr Teachout*, 107 Nw. U. L. Rev. Colloquy 180 (2013); *Citizens United and the Scope of Prof. Teachout's Anti-Corruption Principle*, 107 Nw. U. L. Rev. 399 (2012); Tilman & Steven G. Calabresi, Debate, *The Great Divorce: The Current Understanding of Separation of Powers and the Original Meaning of the Incompatibility Clause*, 157 U. Pa. L. Rev. PENNumbra 134 (2008).

[2] *See* Exhibit A at pp. 17-18.

1

Third, Tillman contends that adopting Plaintiffs' reading of the Foreign Emoluments Clause and Presidential Emoluments Clause would lead to bizarre structural consequences that bring many other elements of state and federal law, as well as long-standing institutional practices, into constitutional doubt.[3]

When considering whether to allow the submission of an *amicus* brief, courts consider whether it "will aid in the determination of the motions at issue." *James Square Nursing Home, Inc. v. Wing*, 897 F. Supp. 682, 683 (N.D.N.Y. 1995) *aff'd*, 84 F.3d 591 (2d Cir. 1996). "Although there is no precise rule in the Federal Rules of Civil Procedure governing the submissions of briefs by amici curiae, it is accepted that it is within the Court's inherent authority to allow such filings." *California Ass'n of Sch. Psychologists v. Superintendent of Pub. Educ.*, No. C-93-2891 DLJ, 1994 WL 224433, at *4 (N.D. Cal. May 17, 1994). The purpose of a brief submitted by *amicus curiae* is to assist the court "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3d Cir. 1991); *Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) (explaining that "district courts have inherent authority to appoint or deny amici which is derived from Rule 29 of the Federal Rules of Appellate Procedure") (citations omitted). As this case is novel is almost every respect, and a matter of general public interest, Tillman's scholarly expertise is likely to be of some real benefit to the Court and the parties.

Tillman's interest in this litigation is to inform this Court of a critical stream of overlooked Founding-era legal authority that is likely to aid this Court in fully resolving this matter. While Tillman views Defendant's continuing business activities as less than ideal, these

---

[3] *See, e.g.*, Exhibit A at pp. 6-7.

business activities do not fall under the scope of either clause, and constitutional claims relating to those business activities are not redressable in this Court. Counsel for amicus can provide the court with alternative arguments that are not presented by Defendant, which are likely to provide grounds for resolving this case, in whole or in part.

If leave is granted to file this brief, Amicus will respectfully request leave in the public interest to participate in oral argument in this matter. *See In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006) ("[D]istrict courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."); *Microsoft Corp. v. United States Dep't of Justice*, No. C16-0538JLR, 2016 WL 4506808, at *9 (W.D. Wash. Aug. 29, 2016) ("The court has 'broad discretion' to appoint amicus curiae.") quoting (*Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982)); *Alliance of Auto. Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 306 (D. Me. 2003) (explaining that courts have "'the inherent authority' to appoint amicus curiae to 'assist it in a proceeding'") (citations omitted); *In re Megan-Racine Assocs., Inc.*, 176 B.R. 687, 694 (Bankr. N.D.N.Y. 1994) ("Courts have broad discretion to appoint *amici curiae*."); *In re City of Bridgeport*, 128 B.R. 30, 32 (Bankr. D. Conn. 1991) ("Courts have broad discretion to appoint amici curiae."). *See generally United States v. Providence Journal Co.*, 485 U.S. 693, 704 (1988) ("[I]t is well within this Court's authority to appoint an *amicus curiae* to file briefs and present oral argument in support of that judgment.").

Dated: New York, New York
       June 16, 2017

        Respectfully submitted,

/s/ Robert W. Ray
Robert W. Ray
Thompson & Knight LLP
900 Third Avenue
20th Floor
New York, NY 10022
Tel. No.: 212-751-3347
Robert.ray@tklaw.com

Josh Blackman
   Admission *pro hac vice* pending
1303 San Jacinto Street
Houston, TX 77002
Tel. No.: 202-294-9003
Josh@JoshBlackman.com

*Counsel of Record*

4

## Certificate of Service

On June 16, 2017, I caused a copy of this Motion for Leave to File to be served on all counsel of record through the Court's CM/ECF system.

/s/ Josh Blackman
Josh Blackman
   Admission *pro hac vice* pending
1303 San Jacinto Street
Houston, TX 77002
Tel. No.: 202-294-9003
Josh@JoshBlackman.com
*Counsel of Record*

5