IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, RESTAURANT OPPORTUNITIES CENTERS (ROC) UNITED, INC., JILL PHANEUF, and ERIC GOODE,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States,<br><br>*Defendant*. | Civil Action No. 17-458 (GBD) |

### MOTION OF SENATOR RICHARD BLUMENTHAL AND REPRESENTATIVE JOHN CONYERS, JR., FOR LEAVE TO FILE *AMICI CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS

*Amici curiae* Senator Richard Blumenthal and Representative John Conyers, Jr., respectfully move for leave to file the attached brief in support of the Plaintiffs' opposition to the Defendant's motion to dismiss. In support of this motion, *amici* state:

1. Senator Richard Blumenthal and Representative John Conyers, Jr., are the lead plaintiffs in *Blumenthal, Conyers, et al. v. Trump*, the lawsuit brought by nearly 200 members of Congress against President Donald J. Trump for his violations of the Foreign Emoluments Clause. *See* Complaint, *Blumenthal, Conyers, et al. v. Trump*, No. 17-1154 (D.D.C. June 14, 2017). *Amici* have a strong interest in ensuring that the President complies with the Foreign Emoluments Clause, which was adopted to guard against foreign

1

influence on our nation's leaders and ensure that those leaders put the interests of the American people ahead of their own self-interest. The text of the Foreign Emoluments Clause entrusts *amici*, as members of Congress, with the important role of determining when federal officials may accept benefits from foreign states that otherwise would be prohibited by the Clause. *Amici* therefore have a strong interest in ensuring that their unique role under the Foreign Emoluments Clause is respected and not undermined by the President's acceptance of prohibited emoluments without congressional consent.

      2.      This Court has "broad discretion" to allow third parties to file *amicus curiae* briefs. *Auto. Club of N.Y. v. Port Auth. of N.Y. and N.J.*, No. 11-6746, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011). "A court may grant leave to appear as an amicus if the information offered is 'timely and useful,'" *Andersen v. Leavitt*, No. 03-6115, 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) (quoting *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999)), and "[t]he filing of an *amicus* brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs,'" *Northern Mariana Islands v. United States*, No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)). Courts have permitted third parties to participate as *amici curiae* when they "are of aid to the court and offer insights not available from the parties," *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994), and when they have "relevant expertise and a stated concern for the issues at stake in [the] case," *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). "The primary role of the *amicus* is to assist the Court in reaching

the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Examiners*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999).

3. The proposed, attached *amici curiae* brief plainly satisfies these standards. In seeking dismissal of this case, President Trump argues that the responsibility rests with Congress, not the courts, to determine which benefits he is allowed to accept from foreign governments. *See* Mem. Law in Supp. Def.'s Mot. to Dismiss, at 49-50. *Amici* are uniquely well positioned to respond to that argument. As they explain in the proposed brief, the President's own actions—or, rather, his inactions—have prevented Congress from exercising that very responsibility. While the Constitution requires federal officials to obtain "the Consent of the Congress" before accepting any foreign emolument, President Trump has not obtained or even sought congressional consent for any of the emoluments he has accepted. Because the President has failed to go to Congress and disclose the benefits he wishes to accept from foreign governments, Congress cannot decide which, if any, of these foreign benefits to approve, or how the President might structure his business arrangements in a way that would allow him to receive such benefits while guarding against the corruption concerns that gave rise to the Foreign Emoluments Clause. Congress cannot consent to what it does not know.

4. *Amici* are also well positioned to provide the Court with valuable insight into the importance of the "consent" provision in the Foreign Emoluments Clause and the role it has played throughout the nation's history. As the proposed *amici curiae* brief explains, the Founding generation believed that by providing a lawful process through which federal officials could accept benefits from foreign states—one that is open to public

3

scrutiny and that incorporates safeguards derived from the separation of powers—they could discourage officials from accepting those benefits illicitly and in secret, thereby reducing the threat that receiving such benefits would compromise an official's loyalty or judgment. Since the 1790s, federal officials have obeyed the Foreign Emoluments Clause by apprising Congress of benefits that foreign states have offered them, and Congress has exercised its power under the Clause to either give or withhold its consent to the acceptance of those benefits based on the circumstances at hand. This rich history demonstrates the simplicity of the process set forth in the Constitution for the acceptance of foreign emoluments.

     5.    Counsel for *amici* contacted counsel for the parties to determine whether they would consent to the filing of this brief. Counsel for the Plaintiffs have consented to the filing of this brief. Counsel for the Defendant have stated that they take no position.

Dated: August 11, 2017

                                          Respectfully submitted,

                                          <u>/s/ David H. Gans</u>

                                          Elizabeth B. Wydra
                                          Brianne J. Gorod
                                          David H. Gans
                                          Brian R. Frazelle
                                          CONSTITUTIONAL ACCOUNTABILITY CENTER
                                          1200 18th Street, N.W., Suite 501
                                          Washington, D.C. 20036
                                          (202) 296-6889
                                          david@theusconstitution.org

                                          *Counsel for Amici Senator Richard Blumenthal*
                                          *and Representative John Conyers, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2017, the foregoing document was filed with the Clerk of the Court, using the CM/ECF system, causing it to be served on all counsel of record.

Dated: August 11, 2017

*/s/ David H. Gans*
David H. Gans