# LEVI LUBARSKY FEIGENBAUM & WEISS LLP

ATTORNEYS AT LAW
655 THIRD AVENUE
27TH FLOOR
NEW YORK, NEW YORK 10017

TEL. (212) 308-6100
FAX (212) 308-8830
WWW.LLFWLAW.COM

August 11, 2017

BY ECF
Honorable George B. Daniels
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, NY 10007

    Re:    *Citizens for Responsibility and Ethics in Washington, et al. v. Trump*
               Case No. 17-cv-458 (GBD)

Dear Judge Daniels:

      My firm is counsel of record for twenty-one scholars of administrative law, constitutional law, and federal jurisdiction, who seek leave to file a brief addressing the threshold issue of justiciability as *amici curiae* in support of the plaintiffs. The plaintiffs consent to the filing of the brief; the defendant takes no position. In the absence of objection, and for the reasons stated below, *amici* respectfully request that the Court accept their brief (attached as Exhibit 1) and deem it filed.[1]

      Courts in this district have recognized that "[a]n *amicus* brief should normally be allowed "when . . . the *amicus* has an interest in some other case that may be affected by the decision in the present case . . . , or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *See Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, No. 11 Civ. 6746 RJH, 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011) (quoting *Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y.2007)). *Amici* bring such knowledge, perspective, and interest to the issues of competitor standing, organizational standing, and the zone-of-interests test addressed in their brief.

      *Amici* are on the faculties of Cornell Law School; Duke Law School; Georgetown University Law Center; Harvard Law School; Ohio State University Moritz College of Law; Stanford Law School; University of California, Berkeley School of Law; University of

---

[1] *Amici* are identified in Appendix A to the brief.

Hon. George B. Daniels
August 11, 2017
Page 2

California, Irvine School of Law; University of California, Los Angeles School of Law; University of Michigan Law School; University of Pennsylvania Law School; University of Chicago Law School; and Yale Law School, where they teach administrative law, constitutional law, federal jurisdiction, and related subjects. They take a professional interest in the proper construction of constitutional and prudential limits on justiciability in federal courts. They bring a perspective informed by more than 370 combined years of teaching, research, and writing focused on questions related to those posed by this case. While the parties' submissions naturally focus on the immediate implications of the Court's decision for the claims asserted here, *amici* seek to shed light on the ramifications of the Court's decision for other litigants potentially affected.

  *Amici* are concerned that the defendant's motion to dismiss misconstrues Supreme Court and Second Circuit case law regarding competitor standing, organizational standing, and the zone-of-interests test, and that the defendant's arguments—if accepted—would curtail access to the federal courts for plaintiffs seeking to enforce the Constitution's guarantees. They respectfully submit that their brief will assist the Court in determining these threshold questions of justiciability in this important case, and that their brief should therefore be accepted. See *C & A Carbone, Inc. v. Cnty. of Rockland, N.Y.*, No. 08-cv-6549-ER, 2014 WL 1202699, at *3-4 (S.D.N.Y. Mar. 24, 2014) (accepting *amicus* brief where *amici*'s insights and discussion would help to ensure a complete and plenary consideration of the issues and thereby enable the court to reach a correct decision).

                Respectfully submitted,

                Andrea Likwornik Weiss

Attachment

cc: Counsel of Record
   (by ECF)