IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States,<br><br>*Defendant*. | No. 17 Civ. 458 (GBD) |

**MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE BY
CERTAIN LEGAL HISTORIANS ON BEHALF OF PLAINTIFFS**

Professors Jed H. Shugerman,[1] John Mikhail,[2] Jack Rakove,[3] Gautham Rao,[4] and Simon Stern[5] (collectively, "the Historians") hereby move, through the undersigned counsel, for leave to

---

[1] Prof. Shugerman is a Professor at Fordham University School of Law. He earned a B.A. from Yale College (1996), a J.D. from Yale Law School (2002), and a Ph.D. in History from Yale University (2008). He is the author of *The People's Courts: Pursuing Judicial Independence in America* (Harvard U. Press, 2012) and *The Creation of the Department of Justice: Professionalization with Civil Rights or Civil Service*, 66 Stan. L. Rev. 121 (2014), among other publications. *See* https://www.fordham.edu/download/downloads/id/1661/jed_shugerman.pdf.

[2] Prof. Mikhail is Associate Dean for Research and Academic Programs, Professor of Law, and Agnes N. Williams Research Professor at Georgetown University Law Center. He earned a B.A. from Amherst College (1991), a Ph.D. in Philosophy from Cornell University (2000), and a J.D. from Stanford Law School (2002). He is the author of *Elements of Moral Cognition* (2011) and numerous law review articles, including *The Constitution and the Philosophy of Language: Entailment, Implicature, and Implied Powers*, 101 Va. L. Rev. 1063 (2015) and *The Necessary and Proper Clauses*, 102 Geo. L.J. 1045 (2014). *See* https://www.law.georgetown.edu/faculty/mikhail-john.cfm#.

[3] Prof. Rakove is the William R. Coe Professor of History and American Studies, and Professor of Political Science, at Stanford University, where he has taught since 1980. He earned a B.A. from Haverford College (1968) and a Ph.D. in History from Harvard University (1975). He is the author of seven books, including *The Beginnings of National Politics: An Interpretive History of the Continental Congress* (1979); *Original Meanings: Politics and Ideas in the Making of the Constitution* (1996), which won the Pulitzer Prize; and *Revolutionaries: A New History of the Invention of America* (2010), which was a finalist for the George Washington Prize. *See* https://history.stanford.edu/people/jack-rakove.

[4] Prof. Rao is an Assistant Professor in the Department of History at American University. He earned an A.B. (2000), M.A. (2002), and Ph.D. in History (2008) from the University of Chicago. He is the author *of National Duties: Custom Houses and the Making of the American State* (U. Chicago Press, 2016) and serves as Editor-In-Chief of *Law & History Review*. *See* http://www.american.edu/uploads/docs/RaoGauthamF15.pdf.

[5] Prof. Stern is an Associate Professor of Law and English at the University of Toronto. He earned a B.A. from Yale College (1987), a Ph.D. in English from the University of California-Berkeley (1999), and a J.D., Yale Law School

file the accompanying brief of amicus curiae (appended hereto as Exhibit A) in opposition to Defendant's motion to dismiss (ECF No. 35). Plaintiffs consented to the filing of this brief. Defendant took no position.

District courts have "broad inherent authority" to permit the submission of an amicus brief. *Onondaga Indian Nation v. State of New York*, 1997 WL 369389, at *2 (N.D.N.Y. June 25, 1997) (citation omitted). Amicus briefs should be admitted when they "are of aid to the court and offer insights not available from the parties." *Id.* (citation omitted); *see also Auto. Club of New York v. Port Auth. of New York & New Jersey*, 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011) (explaining that an amicus brief "should normally be allowed" when "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide") (citation omitted).

Here, the Historians are accomplished scholars who have extensive expertise on constitutional issues, including the Emoluments clauses that are the focus on this case. The proposed amicus brief: (1) provides historical context concerning the definition of the word "emoluments" as it was used by the framers, including recounting the results of an historical survey of multiple U.S. and English dictionaries from the relevant time period; (2) sets forth the history and purpose of the Emoluments clauses; and (3) responds to arguments by Defendant (and an *amicus curiae* brief on its behalf) claiming that certain practices by early U.S. Presidents affect the meaning of the Emoluments clauses. In light of the complex and novel constitutional questions at bar, the Historians submit that the accompanying amicus brief provides unique information and will aid the Court in its ruling on the pending motion to dismiss.

---

(2002). He is the editor of William Blackstone, *Commentaries on the Laws of England, Book II: Of the Rights of Things* (Oxford UP, 2016) (Simon Stern, ed.) and numerous articles on legal and intellectual history. *See* https://www.law.utoronto.ca/utfl_file/count/cv/cv_-_s1.pdf.

The Historians do not request permission to participate in any oral argument on the pending motion.

Dated: August 11, 2017

Respectfully submitted,

<u>/s/ Daniel J. Walker</u>
Daniel J. Walker*
**Berger & Montague, P.C.**
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Tel: (202) 559-9745
Email: dwalker@bm.net

H. Laddie Montague, Jr.
Eric L. Cramer
Candice J. Enders
**Berger & Montague, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Email:  hlmontague@bm.net
            ecramer@bm.net
            cenders@bm.net

***Counsel for Proposed Amicus Curiae Legal Historians***

*\*Admitted only in New York. District of Columbia practice is supervised directly by a shareholder of the firm who is a member of the District of Columbia Bar.*

Kal7743598