**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, RESTAURANT OPPORTUNITIES CENTER (ROC) UNITED, INC., JILL PHANEUF, AND ERIC GOODE, <br><br> Plaintiffs, <br><br> - v - <br><br> DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES OF AMERICA, <br><br> Defendant. | 17 Civ. 458 (GBD) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE OF**
***AMICUS CURIAE* SCHOLAR SETH BARRETT TILLMAN AND**
**PROPOSED *AMICUS CURIAE* JUDICIAL EDUCATION PROJECT**
**TO BE HEARD AT ORAL ARGUMENTS**

Robert W. Ray
THOMPSON & KNIGHT LLP
900 Third Avenue, 20th Floor
New York, NY 10022
Telephone: 212-751-3347
Email: robert.ray@tklaw.com
*Co-counsel for Amicus Curiae*
*Scholar Seth Barrett Tillman*

Josh Blackman
*Pro Hac Vice*
1303 San Jacinto Street
Houston, TX 77002
Telephone: 202-294-9003
Email: Josh@JoshBlackman.com
*Counsel of Record for Amicus Curiae*
*Scholar Seth Barrett Tillman*

Carrie Severino
   Admission *pro hac vice* pending
Judicial Education Project
722 12th St., N.W., Fourth Floor
Washington, D.C. 20005
Telephone: 571-357-3134
Email: carrie@judicialnetwork.com
*Counsel for Proposed Amicus Curiae*
*Judicial Education Project*

## INTRODUCTION

*Amicus Curiae* scholar Seth Barrett Tillman and proposed *Amicus Curiae* Judicial Education Project (JEP) respectfully submit this memorandum of law in support of their motion for leave to participate in oral argument. In Mr. Tillman's motion for leave to file an *amicus* brief [ECF No. 37], counsel explained that "[i]f leave is granted to file this brief, Amicus will respectfully request leave in the public interest to participate in oral argument in this matter." Hon. Ronnie Abrams granted Mr. Tillman's motion on June 28, 2017 [ECF No. 39].

Now, Mr. Tillman and JEP respectfully move pursuant to the Court's inherent power to be heard at oral argument to provide the Court with alternative arguments that are not presented by Defendant, which are likely to help the Court resolve this case, in whole or in part. Defendant took no position on this motion. Counsel for Plaintiffs stated that they "will respond to [our] motion, if any, upon its filing."

## ARGUMENT

## I.    This Court Has the Authority to Allow Amici to Be Heard at Oral Arguments

When considering whether to allow the submission of an *amicus* brief, courts consider whether it "will aid in the determination of the motions at issue." *James Square Nursing Home, Inc. v. Wing*, 897 F. Supp. 682, 683 (N.D.N.Y. 1995) *aff'd*, 84 F.3d 591 (2d Cir. 1996). "Although there is no precise rule in the Federal Rules of Civil Procedure governing the submissions of briefs by amici curiae, it is accepted that it is within the Court's inherent authority to allow such filings." *Calif. Ass'n of Sch. Psychologists v. Superintendent of Pub. Educ.*, No. C-93-2891 DLJ, 1994 WL 224433, at *4 (N.D. Cal. May 17, 1994). The purpose of a brief submitted by *amici curiae* is to assist the court "in cases of general public interest by

making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3d Cir. 1991); *see also Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) (explaining that "district courts have inherent authority to appoint or deny amici which is derived from Rule 29 of the Federal Rules of Appellate Procedure" (citations omitted)).

Federal courts also have the inherent power to permit amici to participate in proceedings, whether by appointment, or in response to a motion for leave. *See generally United States v. Providence Journal Co.*, 485 U.S. 693, 704 (1988) ("it is well within this Court's authority to appoint an *amicus curiae* to file briefs and *present oral argument* in support of that judgment" (emphasis added)). *See Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006) ("district courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings"); *Microsoft Corp. v. United States Dep't of Justice*, No. C16-0538JLR, 2016 WL 4506808, at *9 (W.D. Wash. Aug. 29, 2016) ("[t]he court has 'broad discretion' to appoint amicus curiae") (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982)); *Alliance of Auto. Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 306 (D. Me. 2003) (explaining that courts have "'the inherent authority' to appoint amicus curiae to 'assist it in a proceeding'") (quoting *Resort Timeshare Resales,Inc. v. Stuart*, 764 F. Supp. 1495, 1500 (S.D. Fla. 1991)); *Megan-Racine Assocs., Inc. v. Niagara Mohawk Power Corp.*, 176 B.R. 687, 694 (Bankr. N.D.N.Y. 1994) ("[c]ourts have broad discretion to appoint *amici curiae*").

## II.   Amicus Should Be Heard At Oral Argument To "Offer[] A Historical Perspective and Insights That May Not Be Available From the Parties"

Fifteen years ago, then-Judge Alito identified three different types of amici:

> Some friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group.[1]

Amicus can serve each of these roles. First, Tillman is one of a very small handful of academics who has written extensively on the Constitution's Foreign Emoluments Clause and Presidential Emoluments Clause.[2] By participating in oral argument, Amicus can "offer[] a historical perspective and insights that may not be available from the parties."[3]

Second, the Defendant declined to argue that the Foreign Emoluments Clause does not encompass the presidency—a position, that if successful, would result in the dismissal of a substantial part of the complaint. Since 2008, Tillman has consistently written that the Constitution's "office … under the United States" language and, more specifically, the Constitution's Foreign Emoluments Clause do not encompass the presidency or any other elected positions. Should the Court find that Plaintiffs' complaint moves forward despite Defendant's defenses connected to standing (and other threshold questions), this Court will have to assess whether the Foreign Emoluments Clause and its "Office . . . under the United States" language

---

[1] *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 132 (3d Cir. 2002) (citations omitted).

[2] *See, e.g., Business Transactions and President Trump's "Emoluments" Problem*, 40 HARV. J.L. & PUB. POL'Y 759 (2017); *Who Can Be President of the United States?: Candidate Hillary Clinton and the Problem of Statutory Qualifications*, 5 BRIT. J. AM. LEGAL STUDIES 95 (2016); *Originalism & the Scope of the Constitution's Disqualification Clause*, 33 QUINNIPIAC L. REV. 59 (2014); *The Original Public Meaning of the Foreign Emoluments Clause: A Reply to Professor Zephyr Teachout*, 107 NW. U. L. REV. Colloquy 180 (2013); *Citizens* United *and the Scope of Prof. Teachout's Anti-Corruption Principle*, 107 NW. U. L. REV. 399 (2012); Tillman & Steven G. Calabresi, Debate, *The Great Divorce: The Current Understanding of Separation of Powers and the Original Meaning of the Incompatibility Clause*, 157 U. PA. L. REV. PENNumbra 134 (2008).

[3] *Citizens Against Casino Gambling in Erie Cty. v. Hogen of Nat'l Indian Gaming Comm'n*, No. 07-CV-451S, 2008 WL 11357911, at *1 (W.D.N.Y. Jan. 10, 2008) (granting leave for an amicus curiae to participate in oral argument).

applies to the President. In the absence of Amici's participation, there will be a lack of adversarial proceedings on a wholly novel question that has not been addressed by the Supreme Court. Unless the case is dismissed on standing or other jurisdictional grounds, a ruling on this important constitutional issue cannot be avoided.

Third, Tillman contends that adopting Plaintiffs' reading of the Foreign Emoluments Clause and Presidential Emoluments Clause would lead to bizarre structural consequences that bring many other elements of state and federal law, as well as long-standing institutional practices, into legal doubt. More importantly, finding that the President holds an "Office . . . under the United States" would have the practical effect of adding to the President's constitutional qualifications.

## III.   Amicus Can Provide an Objective Assessment of the Historical Record

As this case is novel in almost every respect, Amicus' scholarly expertise and objective assessment of the historical record is likely to be of some real and substantial benefit to the Court.[4]

## CONCLUSION

For the foregoing reasons, *Amicus* Tillman and proposed *Amicus* JEP respectfully request that the Court grant this motion for leave to be heard at oral arguments. This case demands a careful study of the text and history of the Constitution, and related post-ratification practices of the government of the Early Republic. Tillman and JEP can provide the Court with accurate and essential information needed to make an informed judgment on whether the President holds an "Office of Profit or Trust under [the United States]."

---

[4]   *See* ECF No. 84, Motion For Leave to File Response to Brief of Amici Curiae by Certain Legal Historians.

Dated: New York, New York
     September 19, 2017

                              Respectfully submitted,

                              By: /s/ Robert W. Ray
                              Robert W. Ray
                              THOMPSON & KNIGHT LLP
                              900 Third Avenue, 20th Floor
                              New York, New York 10022
                              Telephone: (212) 751-3349
                              Email:  robert.ray@tklaw.com
                              *Co-Counsel for Amicus Curiae*
                              *Scholar Seth Barrett Tillman*

                              Josh Blackman
                              *Pro Hac Vice*
                              1303 San Jacinto Street
                              Houston, Texas 77002
                              Telephone: (202) 294-9003
                              Email: Josh@JoshBlackman.com
                              *Counsel of Record for Amicus Curiae*
                              *Scholar Seth Barrett Tillman*

                              Carrie Severino
                                 Admission *pro hac vice* pending
                              Judicial Education Project
                              722 12th St., N.W., Fourth Floor
                              Washington, D.C. 20005
                              Telephone: (571) 357-3134
                              Email: carrie@judicialnetwork.com
                              *Counsel for Proposed Amicus Curiae*
                              *Judicial Education Project*

## CERTIFICATE OF SERVICE

     I hereby certify that on September 19, 2017 I caused a true and correct copy of the

foregoing to be served on all counsel of record through the Court's CM/ECF system.

                              /s/ Robert W. Ray
                              Robert W. Ray, Esq.