*Issues & Appeals*

October 6, 2017

The Honorable George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Citizens for Responsibility and Ethics in Washington, et al. v. Trump*, No. 1:17-cv-00458-GBD
      Notice of Supplemental Authority

Dear Judge Daniels:

      We write to inform the Court of a new report, including findings of fact and citations to law, issued by the Office of Congressional Ethics in an investigation of a sitting member of Congress. At pages 8-13, the attached report directly addresses a question presented by this case: whether a U.S. official's acceptance of profit derived from the rental of rooms to a foreign government may run afoul of the Foreign Emoluments Clause. The member of Congress in question is alleged to have profited from renting a house to the Consulate of Japan. Here is the most relevant portion of the analysis:

> The U.S. Constitution prohibits federal employees from accepting "any" emolument of "any kind whatever, from any king, prince, or foreign state." The House Ethics Manual advises that the emoluments clause should have the "broadest possible scope and applicability." To this point, the House Ethics Manual unambiguously defines "emolument" to include any "profit, gain, or compensation for services rendered." **There is no exception or limitation under this definition in the House Ethics Manual for when the Member generates the profit from a fair market value commercial transaction.**
>
> This broad application to any profit or gain derived from a foreign government is consistent with Department of Justice precedent supporting an interpretation of the emoluments clause designed to prevent the potential corrupting influence by foreign governments and their agents. The U.S. Department of Justice Office of Legal Counsel explained in an analysis of the history of the emoluments clause, "[c]onsistent with its expansive language and underlying purpose, the provision has been interpreted as being 'particularly directed against every kind of influence by foreign governments upon offices of the United States, based upon our historic policies as a nation.'"
>
> Under the main precedent cited by the House Ethics Manual, the term "emoluments" applies broadly to profit from a foreign government, including when the profit is a reward rather than salary or compensation for official employment. Office of Legal Counsel precedent also establishes that the emoluments clause applies to federal employees during their free time, demonstrating that **the term "emoluments" is not limited to payments from a foreign government that result from an individual's official duties.**

Gupta Wessler PLLC
**1900 L Street, NW, Suite 312, Washington, DC 20036**
**P** 202 888 1741    **F** 202 888 7792
guptawessler.com

 *Issues & Appeals*

>Applying the House Ethics Manual's definition of "profit" or "gain" from a foreign government, **the receipt of profit from a foreign government for rental property may implicate the constitutional prohibition against receipt of "any emolument" of "any kind whatever" from a foreign state**.

Report at 12-13 (footnotes and paragraph numbers omitted; emphasis added).

Last month, the House Committee on Ethics ordered the publication of this report and its attachments, all of which are available on the website of the Office of Congressional Ethics: https://oce.house.gov/oce-referral-regarding-rep-madeleine-z-bordallo. The Office of Congressional Ethics is an independent, non-partisan entity charged with reviewing allegations of misconduct against Members of the U.S. House of Representatives and, when appropriate, referring matters to the House Committee on Ethics. Its findings and conclusions are not binding on the Committee.

    Sincerely,

    */s/ Deepak Gupta*
    Deepak Gupta
    *Counsel for Plaintiffs*

Enclosure
Cc:    All counsel of record (via ECF)

Gupta Wessler PLLC
1900 L Street, NW, Suite 312, Washington, DC 20036
P 202 888 1741     F 202 888 7792
guptawessler.com